[Civ. No. 2580.    First Appellate District, Division One.—March 6, 1919.]

## MARY E. RAMSAY et al., Appellants, v. McCREERY ESTATE COMPANY (a Corporation), Respondent.

[1] APPEAL—ORDER GRANTING NEW TRIAL—DISCRETION.—A motion for a new trial is addressed to the discretion of the trial court, and its discretion in granting a new trial can be disturbed only when it is made to appear that that discretion has been abused.

[2] NEGLIGENCE—ELEVATOR ACCIDENT—ACTION FOR DEATH OF PASSENGER.—In this action for damages for death alleged to have been caused by the negligent operation of an elevator, the record showed no abuse by the court of its discretion in granting a new trial after verdict for the plaintiff.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. George A. Sturtevant, Judge. Affirmed.

Sullivan & Sullivan and Theo. J. Roche for Appellants.

McPike & Murray and Redman & Alexander for Respondent.

KERRIGAN, J.—This is an appeal from an order granting the defendant's motion for a new trial after verdict and judgment for plaintiffs.

The action was brought by the widow and children of one Adam Ramsay to recover damages for his death, which it is alleged was caused by the negligent operation by defendant of an elevator in a building owned by it, and in which the deceased was employed by a company having offices therein. Ramsay was sixty years of age and received a salary of $250 a month. The jury rendered a verdict for the plaintiffs in the sum of twenty-five thousand dollars. The trial court set this verdict aside upon the ground of the insufficiency of the evidence to support it, and plaintiff appeals from this order.

[1] The granting of a new trial depends upon the legal discretion of the court, guided by the circumstances of the case. The motion is addressed to the sound discretion of the trial court, and when that discretion has not been abused, the order upon the motion will not be disturbed. We have

carefully examined the record, and we fail to find any abuse of discretion in the granting of the order.

The only witness to the accident was the operator of the elevator, and his testimony both before the coroner's jury and at the trial was mostly given through an interpreter. In substance it appears therefrom that Ramsay left his office, which was located on the sixth floor of the building, about 9 o'clock in the evening, went to the elevator and rang the bell. The operator, who was also a janitor of the building, was at that time engaged in his work on the seventh floor, but hearing the bell he entered the elevator and started it down to the sixth floor. When at a short distance above said floor he brought the car to a stop preparatory to slowly lowering it and adjusting it to the floor level. After bringing the car to a stop he started it again very slowly and again lowered it a short distance, holding the controller-bar in his left hand, and while the car was slowly descending he raised with his right hand the latch to the door and began to open it slowly as the floor of the car was descending to a position flush with the sixth floor. At that time Ramsay, who was standing in front of the door, called out, "Quick, quick!" and when the door had been opened slightly he took hold of the partially opened door with both hands and shoved it back, against the protest of the operator, who called upon him to stop. When Ramsay attempted to enter the car, the floor of which was still somewhat above the level of the floor of the building, he stumbled and fell against the right side of the operator, pivoting him around so that the operator's left hand shoved the controller-bar forward, causing the elevator to reverse its motion and quickly rise. As Ramsay fell against the operator and down upon the floor the operator grabbed hold of him, but before he could drag him into the car the floor thereof had ascended to the top of the door, and Ramsay was caught between the grill work above the door and the floor of the elevator, and his body fell into the pit.

From this evidence it is claimed by defendant that the deceased met his death from his own imprudence in attempting to enter the elevator in the manner indicated.

[2] Plaintiffs contend, however, that statements made by the operator immediately after the accident to certain police officers as to the manner in which the accident occurred are contrary to and inconsistent with his testimony at the trial.

They also claim that his testimony at the trial is in conflict with his testimony given at the coroner's inquest. No useful purpose would be subserved by an analysis of these claimed inconsistencies. Assuming that they exist and that together with the presumption of negligence arising by reason of the accident they support plaintiff's claim for negligence, the trial court, having heard the evidence and having had ample opportunity to judge as to the demeanor, manner, and credibility of the witnesses, had the right, if dissatisfied with the verdict, and if it was of the opinion that it was clearly against the weight of the evidence, to set it aside and grant a new trial, even though there was a substantial conflict, as it is not bound by the rule as to conflicting evidence. The opinion of the trial court being that the evidence was insufficient to support the verdict, its discretion in granting a new trial can be reviewed only when it is made to appear that that discretion was abused; as before stated, the record shows no such abuse.

For the reasons given the order of the trial court is affirmed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 4, 1919.